IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

Bo Lee,                                                                            Case No. 3:14-cv-824

       Plaintiff

v.                                                                         **ORDER**

Xunming Deng, et al.,

       Defendants.

Defendant Xunming Deng seeks an order, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 2, to dismiss or stay and compel arbitration of the claims by plaintiff Bo Lee.

Lee alleges Deng breached statutory and common law duties of care, loyalty, good faith and fair dealing, and confidentiality. Additionally, Lee asserts Deng breached the parties' contract by exploiting, for his own benefit, a business opportunity available to Midwest Optoelectronics, LLC, a company in which Lee and Deng both had ownership interests.

Jurisdiction is proper under 28 U.S.C. § 1332(a)(1). Pending are Deng's motion to compel arbitration (Doc. 3) and plaintiff Lee's motion to disqualify (Doc. 7).

For the reasons that follow, I grant the motion to compel arbitration.

**Background**

In 2009, Lee purchased outstanding membership units of Midwest for $400,000. Midwest is a holding company organized as a limited liability company under Ohio state law. Deng was Midwest's majority owner, founding member, Chairman of the Board, and Chief Operating Officer. Lee purchased approximately 0.7% of the outstanding membership units of the company. While also a member, Lee worked as an advisor for Midwest, representing the company in China.

Lee and Midwest executed an Advisory Agreement on November 17, 2009. The agreement detailed Lee's responsibilities in assisting with business development in China. The Advisory Agreement also contained a mandatory arbitration provision wherein the company and Lee agreed that arbitration was the required and exclusive forum to resolve any and all disputes.[1] Although the

---

[1] The agreement's arbitration provision stated:

> The Company and the Advisor agree that arbitration is the required and exclusive forum for the resolution of any and all disputes between them, including claims arising under statute, common law, or this Agreement. This mandatory arbitration provision includes any dispute between the Advisor and the Company or its parents, subsidiaries and affiliates, and its and their current and former officers, directors, Executives and agents.
>
> Any covered dispute must be submitted to arbitration in accordance with the rules of the American Arbitration Association. Any such arbitration will be conducted in Toledo, Ohio, and will be decided in accordance with and determined by the laws of the State of Ohio and/or applicable federal law. Except as otherwise provided by applicable law, the administrative costs of the arbitration (filing fees, cost for the arbitration site, hearing fees, arbitrator's fee) shall be divided equally between the parties.

(Doc. 3-2 at 4).

contract stated either party could terminate unilaterally, the contract did not state that such termination would extinguish the parties' obligation to arbitrate their disputes.

On October 17, 2010, while working for Midwest, Lee sent an e-mail to Deng acknowledging that he was thankful to have learned so much under Deng's tutelage. Lee also outlined a vision for Midwest's future sales objectives in Europe and Asia. Finally, the e-mail listed Lee's recent travel schedule and his estimated hours worked.

Lee alleges that in 2012 Deng converted to his own use a corporate opportunity to purchase an asset. Lee further alleges Deng represented to all members that he was negotiating the purchase of the asset on behalf of Midwest, but purchased the asset in his individual capacity without the knowledge of Midwest's members. Lee asserts that, when he asked for information concerning the transaction and financing source, Deng refused to provide any information relative to the transaction.

In 2014, Lee brought this suit seeking monetary damages, interest, and attorney's fees.

**Discussion**

The Federal Arbitration Act (FAA) expresses national policy favoring arbitration. *E.g., Ferro Corp. v. Garrison Indus.*, 142 F.3d 926, 932 (6th Cir. 1998) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). For that reason, "the [FAA] establishes that, as a matter of Federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration [.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). However, "arbitration remains a matter of contract, and a party cannot be required to submit to arbitration in any dispute

which he has not agreed so to submit." *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

The Supreme Court has ruled that, as a matter of substantive federal arbitration law, an arbitration agreement is severable from the remainder of a contract. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). Thus, an arbitration clause survives termination of a contract unless the contract expressly provides otherwise. *Zucker v. After Six, Inc.*, 174 F. App'x 944, 947 (6th Cir. 2006). As the Sixth Circuit explained, "if the duty to arbitrate automatically terminated upon expiration of the contract, a party could avoid his contractual duty to arbitrate by simply waiting until the day after the contract expired to bring an action regarding a dispute that arose while the contract was in effect." *Id*. at 947-948.

Lee asks me to deny the motion to compel and allow the case to continue in this court. He argues that the dispute between the parties, as set forth in his complaint, did not arise under the Advisory Agreement's arbitration clause. He further argues that, on October 17, 2012, well before the events giving rise to this lawsuit), he communicated his termination of the Advisory Agreement.

Deng argues that Lee's e-mail did not mention the Advisory Agreement, let alone terminate the agreement. Deng further argues that even if Lee's e-mail did serve as termination of the Advisory Agreement, the arbitration clause is severable and still applies.

Contrary to Lee's argument, his correspondence to defendants on October 17, 2010, did not mention the Advisory Agreement. Nor did it purport to terminate the agreement. Rather, the correspondence expressed gratitude regarding the parties' business relationship and identified

4

strategies moving forward concerning business operations in Europe and Asia.

Even if Lee had terminated the contract, the contract itself would still need to state that termination extinguished the arbitration clause. However, the contract contains no such language. Because the agreement contains no provision dictating that termination of the Advisory Agreement extinguished the arbitration agreement, the arbitration clause is enforceable.

For these reasons, I grant the motion to compel arbitration. And because the arbitrator will resolve the parties' dispute, I also deny the motion to disqualify counsel as moot.

## Conclusion

For the reasons set forth above, it is

ORDERED THAT Defendant's motion to stay and compel arbitration (Doc. 3) be, and the same hereby is, granted; and plaintiff's motion to disqualify counsel (Doc. 7) be, and the same hereby is, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge